IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-03250-BO

**James Kelliher**,

   Plaintiff,

v.                  **Order**

**George Solomon & Johnny Hawkins**,

   Defendants.

   James Kelliher wanted wine while in prison, not for personal enjoyment, but to partake of the Lord's Supper each week as part of his religious beliefs. He alleges that two state employees have denied him weekly access to a small amount of wine and to religious materials because of prison policies. In response, he filed a lawsuit, *pro se*, claiming that these employees violated his constitutional and statutory rights. D.E. 1. As required by statute, the court must screen his claims. It will also address his Motion to Appoint Counsel, D.E. 4, and his Motion to Amend his Complaint, D.E. 7.

   In short, the court grants Kelliher's Motion to Amend. And after a review of his Amended Complaint, the court will allow Kelliher's First Amendment and statutory claims to proceed. Finally, the court denies Kelliher's Motion to Appoint Counsel.

**I.  Background**

   Kelliher is a prisoner in North Carolina currently incarcerated at Nash Correctional Institution ("Nash C.I.") in Nashville and previously incarcerated at Alexander Correctional Institution in Taylorsville. Am. Compl. ¶¶ 4, 12. In 2007, Pastor Tod Rappe confirmed Kelliher "as a Missouri Synod Lutheran[.]" *Id.* ¶ 8. Kelliher's faith commands him to partake of the

Lord's Supper (a Sacrament) often, usually weekly, "to receive forgiveness of sins[] and to be a Christian." *Id.* ¶ 9. A failure to do so "imperils his soul." *Id.* ¶ 18.

Partaking of the Lord's Supper proceeds in this manner. Pastor Rappe prepares Kelliher for the Lord's Supper by singing hymns from the Lutheran Hymnal and preaching from a Sunday Sermon pamphlet. *Id.* ¶ 10. After this preparation, Kelliher partakes of bread and wine consecrated by Pastor Rappe. *Id.* ¶ 11. The bread is a wafer, and the wine is in a half-ounce cup. *Id.* He claims he must partake of wine because his faith views grape juice as an impermissible innovation. *Id.* ¶ 9. For over nine years, Pastor Rappe administered the Lord's Supper to Kelliher each week in prison. *Id.* ¶¶ 10, 12.

Then in May 2016, North Carolina transferred Kelliher from Alexander C.I. to Nash C.I. *Id.* ¶ 12. Defendant Johnny Hawkins is the Administrator of this facility, making him responsible for both its operations and the inmates's welfare. *Id.* ¶ 6. Kelliher requested this transfer because he wanted better opportunities and to be closer to his family. *Id.* ¶ 12. To ensure he could practice his religion while in this prison, Kelliher submitted a "Request for Information" form to the facility chaplain, only to learn that Nash C.I. does not have one. *Id.* ¶ 13. In the meantime, Hawkins allegedly denied Kelliher's request for weekly clergy visits, allowing only monthly visits. *Id.* ¶ 14.

Shortly after his transfer, Kelliher met with Pastor Rappe, who said that he would try to discuss Kelliher's situation with the prison administration. *Id.* Kelliher also wrote Hawkins twice, hoping to convince Hawkins to change his position. *Id.* ¶ 15. But Hawkins never responded to either Pastor Rappe or Kelliher. *Id.* ¶ 16. Instead, an unnamed party directed Kelliher to the "Prison's Religious Services Policy." *Id.* ¶ 17. The Policy states that "[o]nly the religious official leading the rite may consume alcohol. Inmates are not allowed to consume any

2

alcoholic beverages while in the custody of the Department of Public Safety." *Id.* Defendant George Solomon, the Director of the Department of Public Safety–Prisons, enacted and signed this Policy. *Id.* ¶¶ 5, 17. Kelliher also appears to allege in his "Claims for Relief" section that the Defendants have also denied him access to the Lutheran Hymnal and the Sunday Sermon pamphlet. *See id.* ¶ 22.

Kelliher claims that Hawkins and Solomon's actions have violated his rights under both the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id.* ¶¶ 22–25. He filed his Original Complaint on September 26, 2016. D.E. 1. The same day, he filed a Motion to Appoint Counsel. D.E. 4. Ten days later, he filed a Motion to Amend his Complaint and included his Amended Complaint. D.E. 7. These motions are now ripe for the court's review.

## II. Motion to Amend

The court will first address Kelliher's Motion to Amend his Complaint. If a defendant must provide a responsive pleading to a complaint, then a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). Fed R. Civ. P. 15(a)(1)(B). Here, Solomon and Hawkins have not been served with the Complaint yet and have not filed a responsive pleading or served a motion under Rule 12. Because they have not done so, this Motion to Amend comes within the limit of 21 days. Thus the court will GRANT Kelliher's Motion to Amend his Complaint (D.E. 7).

## III. Screening Under 28 U.S.C. §1915A

Next, the court will conduct its frivolity review. The Prison Litigation Reform Act of 1996 ("PLRA") requires courts to review any actions filed by prisoners against governmental

3

entities or officials before docketing them. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from this relief. *Id.* § 1915A(b). But when courts review a *pro se* complaint, they must construe it liberally, especially when it raises issues of civil rights. *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015), *cert. denied,* 136 S. Ct. 1829 (2016), *reh'g denied,* 136 S. Ct. 2503 (2016).

Kelliher's claims arise under 42 U.S.C. §1983. To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," and then he must show that "a person acting under color of state law" committed this alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Kelliher claims that Solomon and Hawkins, acting for the State of North Carolina, violated his rights under both the Free Exercise Clause of the U.S. Constitution and RLUIPA. The court will review these two claims in that order.

### A. Free Exercise Claim

The First Amendment declares that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]" U.S. Const. amend. I. This Free Exercise Clause applies to state and local governments, including prisons, through the Fourteenth Amendment. *See Turner v. Safley*, 482 U.S. 78, 84 (1987); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). The clause prohibits "policies that impose a substantial burden on a prisoner's right to practice his religion." *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014). A substantial burden "occurs when a state or local government,

4

through act or omission, puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (quotations, citation, and alterations omitted). A court-recognized example of a religious exercise is "participating in sacramental use of bread and wine." *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005).

Here, Kelliher alleges that Solomon and Hawkin's actions and omissions put substantial pressure on him to modify his religious behavior by preventing him from partaking of wine each week as part of the Lord's Supper. He specifically alleges that Solomon enacted a policy banning him from drinking wine for the Lord's Supper. And he alleges that Hawkins denied him a weekly opportunity to do so. He believes that these two restrictions will imperil his soul since he cannot be forgiven of his sins without partaking of the Lord's Supper, including wine, on a weekly basis. Thus the court finds that Kelliher sufficiently alleged that both Solomon and Hawkin's actions substantially burdened his right to the free exercise of his religion. *See, e.g.*, *Jehovah v. Clarke*, 798 F.3d 169, 177 (4th Cir. 2015), *cert. denied,* 136 S. Ct. 1829 (2016), *reh'g denied,* 136 S. Ct. 2503 (2016).

Kelliher also alleged that Solomon and Hawkins committed these actions while "acting under color of state law" because they were acting in their official capacities in the prison system. Because Kelliher alleged a violation of his rights by persons acting under color of state law, the court finds that this claim survives frivolity review.

**B. RLUIPA Claim**

Next the court will address Kelliher's RLUIPA claim. RLUPIA provides that even if a rule is generally applicable, the government cannot "impose a substantial burden on the religious exercise of a [prisoner]," unless it shows two things about this burden: it "(1) is in furtherance of

5

a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Congress enacted RLUIPA after the Supreme Court limited the scope of the Free Exercise clause in *Employment Div., Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990). *See Holt v. Hobbs*, 135 S. Ct. 853, 859 (2015). It mirrors many of the same initial requirements for a plaintiff's claim as the First Amendment, but it ultimately provides stronger protections than the constitutional version. *See id.* at 860. Under RLUIPA, Kelliher must allege that the government imposed "a substantial burden on [his] religious exercise . . . ." 42 U.S.C. § 2000cc-1. Courts define "substantial burden" and "religious exercise" in the same way for RLUIPA as they do in Free Exercise claims. *See Lovelace*, 472 F.3d at 187; *see also* 42 U.S.C. § 2000cc-5 ("The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief.").

For all the same reasons given in its Free Exercise analysis, the court finds that Kelliher alleges a valid RLUIPA claim that survives frivolity review.

## IV. Motion to Appoint Counsel

Next, Kelliher moves the court to appoint him counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants when the case "presents exceptional circumstances." *Whisenant* v. *Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Courts determine "exceptional circumstances" by looking at "the type and complexity of the case[] and the abilities of the individuals bringing it." *Id.* (quoting *Gordon* v. *Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978)); *see also id.* (quoting *Gordon*, 574 F.2d at 1153) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks

6

capacity to present it, the district court should appoint counsel to assist him."). The court finds that Kelliher's action is not complex and that he has shown through the detail of his filings that he can capably proceed *pro se*. As a result, this case lacks the exceptional circumstances that merit the appointment of counsel, and the court DENIES Kelliher's Motion for the Appointment of Counsel (D.E. 4).

**V.    Conclusion**

In sum, the court denies Kelliher's Motion to Appoint Counsel because his case is not complex and he has shown that he can proceed *pro se*. But it grants his Motion to Amend because the court has not yet served Solomon and Hawkins. And after its frivolity review, the court finds that Kelliher made sufficient allegations to state a cognizable claim, thus it will allow his claim to proceed.

Dated:  July 25, 2017

_____
Robert T. Numbers, II
United States Magistrate Judge