IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| JAMES KELLIHER, <br><br> Plaintiff, <br><br> v. <br><br> JOHNNY HAWKINS et al., <br><br> Defendants. | Case No. 5:16-CT-03250-BO |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff James Kelliher ("Plaintiff") hereby moves this Court for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. Proc. 15(a)(2), to add additional allegations in support of Plaintiff's claims based on 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); to substitute Kenneth Lassiter, the current Director of Prisons for the North Carolina Department of Public Safety ("DPS"), as a defendant in place of George Solomon, who recently retired from that office; and to add as additional defendants DPS, Erik A. Hooks, and Betty Brown. As grounds for this Motion, Plaintiff states as follows:

1. Plaintiff filed this action on September 26, 2016. *See* ECF No. 1 (the "Complaint").

2. Plaintiff filed a motion to appoint counsel on September 26, 2016 (*see* ECF No. 4), which was denied on July 25, 2017. *See* ECF No. 12.

3. Upon referral from the pro bono program for the U.S. District Court for the Eastern District of North Carolina, Chelsea Corey of King & Spalding LLP, agreed to represent Plaintiff on a pro bono basis.

4. In addition, Plaintiff filed a motion to amend his original complaint—attaching an amended complaint (the "First Amended Complaint")—on October 6, 2016 (*see* ECF No. 7), within 21 days of the filing of his original complaint. In light of Plaintiff's prompt filing of his First Amended Complaint, and in consideration of the fact that Defendants Solomon and Hawkins had not been served with the Complaint and had not filed a responsive pleading or served a motion under Rule 12, Magistrate Judge Robert Numbers granted Plaintiff's motion to amend his complaint on July 25, 2017. *See* ECF No. 12.

Since Plaintiff initially filed this action, additional events have transpired that have caused Plaintiff to wish change certain defendants to the action.

First, Plaintiff seeks to clarify that each individual defendant is sued only in his or her official capacity.

Second, Plaintiff seeks to substitute Kenneth Lassiter, who recently was appointed Director of Prisons for DPS, for Defendant Solomon, who retired, pursuant to Rule 25 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office . . . . The officer's successor is automatically substituted as a party.").

Third, Plaintiff seeks to add the following as defendants, each of whom is responsible for developing and executing the DPS policies complained of this action and each whom is capable of providing the relief Plaintiff seeks:

    a. <u>DPS</u>. DPS is a legal subdivision of the State of North Carolina created by the North Carolina General Assembly. DPS is empowered to act through its officials, employees, and divisions to, among other things, oversee, regulate, and maintain North Carolina's correctional system. Plaintiff wishes to add DPS as it is DPS's

policies, promulgated and adopted by its employees and officials, that have caused Plaintiff's damage.

b. <u>Erik A. Hooks</u>.  Hooks is the Secretary of the Department.  He is legally responsible for the overall operation of the Department.  Plaintiff wishes to add Hooks as a defendant solely in his official capacity.

c. <u>Betty Brown</u>.  Brown is the Director of Chaplaincy Services for the Division.  She is responsible for addressing North Carolina prisoners' religious issues and for facilitating prisoners' religious activities.  Plaintiff wishes to add Brown as a defendant solely in her official capacity.

Finally, Plaintiff seeks to add greater specificity to the allegations supporting his two causes of action.

5. Rule 15(a) provides that leave to amend should "be freely given when justice so requires."  The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

Plaintiff has attached his proposed Second Amended Complaint to this Motion.  *See* Ex. A.  The Second Amended Complaint will not result in any prejudice to Defendants as Defendants have not been served and no Defendant has filed a motion pursuant to Rule 12.

Plaintiff has not acted in bad faith by moving to amend.  Plaintiff's initial motion to amend his Complaint was filed within 21 days and was filed, while he was still representing

himself. Now that Plaintiff is represented by counsel he seeks to file a more fulsome complaint with additional allegations in support of his claims.

Finally, the proposed amendment is not futile. "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Plaintiff's Second Amended Complaint includes additional allegations and seeks to add defendants, all in further support of his claims.

In light of the liberality in which Rule 15 is intended to be applied, Plaintiff respectfully requests that this Court grant his Motion to Amend Complaint

Dated: August 22, 2017

                KING & SPALDING LLP

                */s/ Chelsea Corey*
                Chelsea Corey, NCSB No. 48838
                100 North Tryon Street, Suite 3900
                Charlotte, North Carolina 28202
                E-mail: ccorey@kslaw.com
                Telephone: (704) 503-2575
                Telefax: (704) 503-2622

                and

                Kevin O'Brien
                1180 Peachtree Street, NE
                Atlanta, Georgia 30309
                E-mail: kobrien@kslaw.com
                Telephone: (404) 572-2442
                Telefax: (404) 572-5100

                *Attorneys for Plaintiff James Kelliher*