| | |
|---|---|
| JAMES R. KELLIHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT OF )<br>PUBLIC SAFETY, *et al.*, )<br>)<br>Defendants. ) | **DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

**NOW COME** Defendants North Carolina Department of Public Safety ("NCDPS"), Erik Hooks, Betty Brown, Johnny Hawkins, and Kenneth Lassiter (jointly referred to herein as "Answering Defendants"), by North Carolina Attorney General Joshua H. Stein and Assistant Attorney General Kimberly D. Grande, and for Answer to the Second Amended Complaint [DE-19] filed here say as follows:

### FIRST DEFENSE

1. For answer to Paragraph 1, Answering Defendants state that they did not violate any of Plaintiff's rights as guaranteed by the First Amendment, RLUIPA or any other federal law. Plaintiff's allegations for the basis of filing this action are not factual allegation, but rather are legal conclusions and therefore a response is not required. Answering Defendants are without specific knowledge or information to respond to the remaining allegations in Paragraph 1 and they are therefore denied.

2. For answer to Paragraph 2, Answering Defendants are without sufficient information or knowledge to form a response to the allegation that Plaintiff is and has been a sincere adherent to the faith of Lutheran Church-Missouri Synod and therefore deny this allegation.

Answering Defendants admit the remaining allegations contained in this paragraph.

3. For answer to Paragraph 3, Answering Defendants admit the allegations contained therein.

4. For answer to Paragraph 4, Answering Defendants admit that Defendant Hooks was appointed by Governor Roy Cooper as Secretary of the North Carolina Department of Public Safety ("NCDPS"), that he is being sued in his official capacity only, and that as Secretary he is responsible for supervising and overseeing the operations of NCDPS, which includes the North Carolina correctional system. To the extent that any allegation in paragraph 4 is inconsistent with this response, the allegation is denied.

5. For answer to Paragraph 5, Answering Defendants admit that Defendant Lassiter serves as the Director of NCDPS prisons, that he is being sued in his official capacity only, that he reports to Defendant Hooks and that he is responsible for supervising and overseeing the operations of NCDPS prisons, which includes Nash Correctional Institution ("Nash C.I."). To the extent that any allegation in Paragraph 5 is inconsistent with this responsibility, the allegation is denied.

6. For answer to Paragraph 6, Answering Defendants admit that Defendant Hawkins serves as the Administrator of Nash C.I., that he is being sued in his official capacity only, and that he is responsible for supervising and overseeing Nash C.I. To the extent that any allegation in Paragraph 5 is inconsistent with this response, the allegation is denied.

7. For answer to Paragraph 7, Answering Defendants admit that Defendant Brown serves as the NCDPS Director of Chaplaincy Services and that she is being sued in her official capacity only. It is further admitted that Defendant Brown works with facility and regional chaplains to address issues related to inmate worship. To the extent that any allegation in Paragraph 7

is inconsistent with this response, the allegation is denied.

8. For answer to Paragraph 8, Answering Defendants admit the allegations contained herein.

9. For answer to Paragraph 9, Answering Defendants admit that the Court has subject matter jurisdiction over claims brought pursuant to 42 U.S.C. § 1983 alleging constitutional violations and claims brought pursuant to RLUIPA.

10. For answer to Paragraph 10, Answering Defendants admit that the Court has jurisdiction over matters arising pursuant to the First and Fourteenth Amendments.

11. For answer to Paragraph 11, Answering Defendants admit that they are subject to the personal jurisdiction of the Court.

12 For answer to Paragraph 12, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegation is denied.

13. For answer to Paragraph 13, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

14. For answer to Paragraph 14, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

15 For answer to Paragraph 15, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

16. For answer to Paragraph 16, Answering Defendants state they are without sufficient

information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

17. For answer to Paragraph 17, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

18. For answer to Paragraph 12, Answering Defendants state Paragraph 18 references a letter, which is a written document that speaks for itself, therefore no further response is required.

19. For Answer to Paragraph 19, Answering Defendants admit the allegations contained therein.

20. For answer to Paragraph 20, Answering Defendants admit that Plaintiff was transferred to Nash C.I.

21. For answer to Paragraph 21, Answering Defendants, upon information and belief, deny that Plaintiff regularly received holy communion from Rev. Rappe. Answering Defendants state, upon information and belief, that on one occasion at Pender Correctional Institution, a temporary chaplain allowed Rev. Rappe to give communion to the Plaintiff. Answering Defendants are without sufficient information or knowledge to respond to the remaining allegations in this Paragraph, and they are therefore denied.

22. For answer to Paragraph 20, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

23. For answer to Paragraph 23, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

24. For answer to Paragraph 24, Answering Defendants, upon information and belief, deny that Plaintiff regularly received communion from Rev. Rappe, Answering Defendants state, upon information and belief, that on one occasion at Pender Correctional Institution, a temporary chaplain allowed Rev. Rappe to give communion to the Plaintiff.

25. For answer to Paragraph 25, Answering Defendants, upon information and belief, deny that Plaintiff regularly received communion from Rev. Rappe, Answering Defendants state, upon information and belief, that on one occasion at Pender Correctional Institution, a temporary chaplain allowed Rev. Rappe to give communion to the Plaintiff. Answering Defendants are without sufficient information or knowledge to for a belief as to the remaining allegations in this Paragraph and they are therefore denied.

26. For answer to Paragraph 26, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

27. For Answer to Paragraph 27, Answering Defendants admit that while at Nash, Plaintiff was not permitted to consume alcohol, including sacramental wine, and that Pastor Rappe was not able to bring in publications when visiting the Plaintiff as such documents would have been subject to review by the publication committee. Answering Defendants are without sufficient knowledge or information to form a response as to the remaining allegations contained in this Paragraph, and they are therefore denied.

28. For answer to Paragraph 28, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations are denied.

29. For answer to Paragraph 29, Answering Defendants state they are without sufficient information or knowledge to form a response to the allegations in this Paragraph, therefore the allegations Paragraph are denied.

30. For answer to Paragraph 30, Answering Defendants state that NCDPS offers a corporate service to all Christian faiths, including, but not limited to, Methodist, Presbyterian, Baptist, and Lutheran. None of these faith groups have a separate service and Plaintiff may attend this general service or any other corporate service available at the facility. Neither Lutherans nor Missouri Synod Lutherans have a separate corporate service in any NCDPS correctional facility.

31. For answer to Paragraph 31, Answering Defendants state that Nash C.I. has a Regional Chaplain to assist inmates.

32. For answer to Paragraph 32, Answering Defendants state that Paragraph 32 references letters, which are written documents that speaks for themselves, therefore no further response is required.

33. For answer to Paragraph 33, Answering Defendants admit that Plaintiff submitted a grievance that purports to be signed on July 11, 2016, but that the grievance was not filed until July 12, 2016. The grievance process for Plaintiff's grievance was completed on July 27, 2016 when the decision of the Inmate Grievance Examiner was issued.

34. For answer to Paragraph 34, Answering Defendants admit the allegations contained therein.

35. For answer to Paragraph 35, Answering Defendants admit the allegations contained therein.

36. For answer to Paragraph 36, Answering Defendants state that Plaintiff references a writing that speaks for itself and therefore a response is not required.

37. For answer to Paragraph 37, Answering Defendants state that Plaintiff references a writing that speaks for itself and therefore a response is not required.

38. For answer to Paragraph 38, Answering Defendants admit the allegations contained therein.

39. For answer to Paragraph 39, Answering Defendants state that Plaintiff references a writing that speaks for itself and therefore a response is not required.

40. For answer to Paragraph 40, Answering Defendants state that Plaintiff references a writing that speaks for itself and therefore a response is not required.

41. For answer to Paragraph 41, Answering Defendants admit the allegations contained therein.

42. For answer to Paragraph 40, Answering Defendants state that Plaintiff references a writing that speaks for itself and therefore a response is not required.

43. For answer to Paragraph 43, Answering Defendants state that Plaintiff references a writing that speaks for itself and therefore a response is not required.

44. For answer to paragraph 44, Answering Defendants state that they are without sufficient knowledge or information to respond to the allegations that Plaintiff wrote to Representative Richardson. Answering Defendants admit that Chaplain Brown responded to Representative Richardson regarding certain questions concerning religious services allowed in NCDPS correctional facilities. Said paragraph further references a letter from Representative Richardson to Plaintiff, the content of which is a written document that speaks for itself, therefore no response is required.

45. For answer to Paragraph 45, Answering Defendants admit that Defendant Brown wrote to Representative Richardson's office stating that Nash C.I. allows Roman Catholic priests to come and celebrate Mass, but deny that this communication states that inmates are permitted

to consume wine as part of the service.

46. For answer to Paragraph 46, Answering Defendants do not have sufficient information or knowledge to determine what Plaintiff's "sincere beliefs" are, and therefore deny the allegations in this paragraph. Answer Defendants specifically deny they have prevented Plaintiff from practicing his religion.

47. For answer to Paragraph 47, Answering Defendants admit that Plaintiff has exhausted his administrative remedies as to the issues raised and the actions of the persons identified in his July 12, 2016, grievance only.

48. For answer to Paragraph 48, Answer Defendants admit the allegations contained herein.

49. For answer to Paragraph 49, Plaintiff references a written document, the content of which speaks for itself, therefore no response is required.

50. For answer to Paragraph 50, Plaintiff references a written document, the content of which speaks for itself, therefore no response is required.

51. For answer to Paragraph 51, Plaintiff references a written document, the content of which speaks for itself, therefore no response is required.

52. For answer to Paragraph 52, Plaintiff references a written document, the content of which speaks for itself, therefore no response is required.

53. For answer to Paragraph 53, Plaintiff references a written document, the content of which speaks for itself. Upon information and belief, Answering Defendants admit that Defendant Brown did not personally respond to this letter.

54. For answer to Paragraph 54, Plaintiff references a written document, the content of which speaks for itself. Upon information and belief, Answering Defendants admit that Defendant

Solomon did not personally respond to this letter.

55. For answer to Paragraph 55, Plaintiff references a written document, the content of which speaks for itself.

56. For answer to Paragraph 56, Plaintiff references written documents, the content of which speaks for themselves, therefore no response is required.

57. For answer to Paragraph 57, Answering Defendants restate their responses to paragraphs 1 through 56 above as if fully set forth herein.

58. For answer to Paragraph 58, Answering Defendants admit the allegations contained therein.

59. For answer to Paragraph 59, Answering Defendants are without specific knowledge or information to form a belief as to the allegations contained therein; therefore, the allegations are denied.

60. For answer to paragraph 60, Plaintiff makes a legal conclusion rather than a factual allegation, therefore a response is not required..

61. For Answer to Paragraph 61, Answering Defendants admit that Plaintiff is now housed at Nash C.I. and deny the remaining allegations in this paragraph.

62, For answer to paragraph 62, Answering Defendants deny that the actions alleged by Plaintiff in this paragraph or any other actions of the Answering Defendants have unlawful imposed a substantial burden of Plaintiff's religious exercise.

63. For answer to Paragraph 63, Answering Defendants are without specific knowledge or information to form a belief as to the allegations contained therein; therefore, the allegations are denied.

64. For answer to paragraph 64, Answering Defendants deny that the actions alleged by Plaintiff

in this paragraph or any other actions of the Answering Defendants have unlawful imposed a substantial burden of Plaintiff's religious exercise. Answering Defendants are without sufficient knowledge or information to form a response to the remaining allegations made in this Paragraph, and they are therefore denied.

65. For answer to paragraph 65, Answering Defendants deny all allegations made therein.
66. For answer to paragraph 66, Answering Defendants deny all allegations made therein.
67. For answer to paragraph 67, Answering Defendants deny all allegations made therein.
68. For answer to paragraph 68, Answering Defendants deny all allegations made therein.
69. For answer to Paragraph 69, Answering Defendants restate their responses to Paragraphs 1 through 68 above as if fully set forth herewith.
70. For answer to paragraph 70, Answering Defendants are without sufficient knowledge or information to determine whether the actions stated therein are a "burden" to Plaintiff in the practice of his religion, but specifically deny that there actions constitute an unlawful burden on federal law or the constitution.
71. For answer to paragraph 71, Answering Defendants acknowledge that they have a legal responsibility to accommodate an inmates' write to worship, within the parameters establish under federal law. Answering Defendants deny the remaining allegations in this paragraph.
72. For answer to paragraph 72, Answering Defendants
73. For answer to paragraph 73, Answering Defendants deny the allegations contained therein.

**ANSWERING DEFENDANTS DENY EACH AND EVERY ALLEGATION, OR PORTION OF AN ALLEGATION CONTAINED IN THE COMPLAINT THAT IS NOT SPECIFICALLY ADMITTED ABOVE.**

**ANSWERING DEFENDANTS DENY THAT PLAINTIFF IS ENTITLED TO ANY OF THE RELIEF PRAYED FOR IN HIS COMPLAINT.**

**SECOND DEFENSE**

Answering Defendants are immune from liability by Eleventh Amendment and common law sovereign immunity which are asserted by Defendants as a complete bar to all applicable claims in this action, including but not limited to all official capacity claims asserted in the Complaint. Defendants have not waived any applicable immunity or otherwise consented to being sued.

**THIRD DEFENSE**

Plaintiffs' Complaint fails, in whole or in part, to state valid claims for relief against Answering Defendants.

**FOURTH DEFENSE**

Answering Defendants did not violate any rights of the Plaintiff guaranteed by the constitution or federal law.

**FIFTH DEFENSE**

Plaintiff may have failed to exhaust his administrative remedies as to the actions or conduct of Answering Defendants individually and specifically and Answering Defendants reserve the right to file a motion to dismiss for failure to exhaust.

**ANSWERING DEFENDANTS DEMAND A JURY TRIAL**

Respectfully submitted this 21st day of November, 2017.

        JOSHUA H. STEIN
        Attorney General

        /s/ Kimberly D. Grande
        Kimberly D. Grande
        Assistant Attorney General
        N.C. State Bar No. 40708
        N.C. Department of Justice
        P.O. Box 629
        Raleigh, North Carolina 27602
        Phone: (919) 716-6500
        Fax: (919) 716-6761
        kgrande@ncdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, and served via the CM/ECF system on Plaintiff's attorney:

> Chelsea J. Corey
> King & Spalding LLP
> 100 N. Tryon Street, Suite 3900
> Charlotte, NC 28202
>
> Kevin J. O'Brien
> King & Spalding LLP
> 1180 Peachtree Street, N.E.
> Atlanta, GA 30309

This the 21st day of November, 2017.

> /s/ Kimberly D. Grande
> Kimberly D. Grande
> Assistant Attorney General