IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

JAMES KELLIHER,

    Plaintiff,

v.

NORTH CAROLINA DEPARTMENT OF
PUBLIC SAFETY *et al.*,

    Defendants.

Case No. 5:16-CT-03250-BO

## DECLARATION OF JAMES KELLIHER

James Kelliher hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1.    I was confirmed as a Missouri Synod Lutheran on January 10, 2007, by Pastor Tod Rappe ("Pastor Rappe").

2.    As a Missouri Synod Lutheran, I follow Martin Luther's teachings, as explained in the Large Catechism, concerning the Ten Commandments, the Apostle's Creed, the Our Father, Baptism, and the Sacrament of the Altar, which includes the Lord's Supper (also referred to as Holy Communion).

3.    I sincerely believe that consubstantiation is part of the Lord's Supper, and I sincerely believe that I am commanded to partake of the Lord's Supper weekly, at a minimum, to receive the forgiveness of sins, and to practice Christianity in accordance with my beliefs.

4.    The Large Catechism instructs that the Lord's Supper be taken with wine as the Bible commands.

5.    The Large Catechism provides questions and instructions regarding the Sacrament of the Alter, including the following:

1

> Now what is the Sacrament of the Altar?
>
> **It is the true body and blood of our Lord Jesus Christ, in and under the bread and wine which we Christians are commanded by the Word of Christ to eat and to drink.** And as we have said of Baptism that it is not simple water, so here also we say the Sacrament is bread and wine, but not mere bread and wine, such as are ordinarily served at the table, but bread and wine comprehended in, and connected with, the Word of God.

Martin Luther, *The Large Catechism* 71 (emphasis added).

6. Reverend Christopher S. Esget ("Rev. Esget") is the Sixth Vice President of the Missouri Synod Lutheran Church.

7. A true and correct copy of a letter that Rev. Esget wrote on my behalf is attached as Exhibit 1 to the Second Amended Complaint filed in this action.

8. I sincerely believe that substituting other liquids, like grape juice, for wine is an impermissible innovation that calls into doubt whether the instructions of Jesus Christ are being followed.

9. Luther teaching does not permit the substitution of other liquids for wine. *See Theology and Practice of the Lord's Supper Part I: A Report of the Commission on Theology and Church Relations of the Lutheran Church Missouri Synod* at II.B.2.b (May 1983) ("The substitution of grape juice raises the question of whether the Lord's instruction is being heeded.").

10. I am currently incarcerated by the North Carolina Department of Public Safety ("DPS") at Nash Correctional Institution ("Nash").

11. I was previously incarcerated by DPS at Alexander Correctional Institution, Wayne Correctional Institution, and Pender Correctional Institution ("Pender").

12. In May 2016, I was transferred from Pender to Nash at my request to be closer to my family.

13. Until my May 2016 transfer to Nash, Pastor Rappe provided me access to the Lord's Supper, Lutheran Hymnal, and the Sunday Sermon pamphlet during weekly visits to me.

14. The Lutheran Hymnal, Sunday Sermon pamphlet (which contains weekly Gospel readings according to the liturgical calendar from which Pastor Rappe preaches), and Pastor Rappe's instructions, prepare me to receive the Lord's Supper, and thus are necessary elements to the Sacrament of the Altar.

15. Until being transferred to Nash, I was permitted to receive the Lord's Supper from Pastor Rappe, who consecrated the bread and wine, transforming the bread into the Body of Jesus Christ and transforming the wine into the Blood of Jesus Christ. Pastor Rappe was permitted to provide wafers as bread and wine, which was poured into a small plastic cup of about 0.5 ounce size.

16. Until I was transferred to Nash, Pastor Rappe administered these services to me weekly, and I was never limited to only one clergy visit per month.

17. Pastor Rappe has been, and continues to be, willing and able to administer these services to me at Nash.

18. Upon being transferred to Nash, I have been prohibited from partaking in sacramental wine, Pastor Rappe's clergy visitations with me have been limited to once a month, and Pastor Rappe has not been permitted to bring the Lutheran Hymnal and Sunday Sermon pamphlet into Nash. DPS has deemed the Lutheran Hymnal and Sunday Sermon to be "contraband."

19. In response to these prohibitions, Pastor Rappe spoke to Johnny Hawkins ("Hawkins"), Administrator of Nash, on May 27, 2016, after a visitation session with me. Hawkins informed Pastor Rappe that he would meet with an administrative board to discuss the

situation regarding my practice of his religion. At a later date, without explanation, Hawkins informed Pastor Rappe that I would continue to be denied weekly clergy visits, limiting Pastor Rappe's clergy visits to once a month.

20. Nash does not provide any services for Lutherans generally, or to Missouri Synod Lutherans specifically, and Nash does not have a Chaplain on staff.

21. I wrote to Hawkins on June 6, 2016, and again on June 20, 2016, to inform him of my sincere beliefs regarding the practice of my religion and the importance of my request to partake in the Lord's Supper, including the sacramental wine, and to use the Lutheran Hymnal and Sunday Sermon pamphlet when practicing his faith. Hawkins did not respond to my letters.

22. On July 11, 2016, I filed a Grievance ("July 2016 Grievance").

23. Attached as Exhibit 2 to the Second Amended Complaint filed in this action are true and correct copies of my July 2016 Grievance as well as responses I received from DPS and follow-up correspondence that I sent in connection therewith.

24. On July 25, 2016, DPS issued a "Findings and Disposition Order," signed by Reginald R. Mewborn ("Mewborn"), Inmate Grievance Examiner, in response to my July 2016 Grievance. A true and correct copy of the Findings and Disposition Order is included in Exhibit 2 to the Second Amended Complaint.

25. On August 19, 2016, I wrote to Defendant Betty Brown, the DPS Chaplain. A true and correct copy of that letter is included in Exhibit 2 to the Second Amended Complaint. I never received a response to the letter.

26. On August 19, 2016, I wrote to George Solomon, who was then DPS's Director of Prisons. A true and correct copy of that letter is included in Exhibit 2 to the Second Amended Complaint. I never received a response to the letter.

27. On August 22, 2016, I wrote to Mr. Mewborn regarding the Findings and Disposition Order that he signed. A true and correct copy of that letter is included in Exhibit 2 to the Second Amended Complaint.

28. On August 31, 2016, Ina M. Hinton ("Hinton"), responding from the Inmate Grievance Resolution Board, sent a letter back to me. A true and correct copy of that letter is included in Exhibit 2 to the Second Amended Complaint.

29. On August 30, 2016, I filed an "Inmate Request for Religious Assistance Fact Sheet" with DPS ("Religious Assistance Fact Sheet"). A true and correct copy of my Religious Assistance Fact Sheet is included in Exhibit 3 to the Second Amended Complaint.

30. In response to my Religious Assistance Fact Sheet, I received a letter from DPS signed by "Mr. Herring." A true and correct copy of that letter is included in Exhibit 4 to the Second Amended Complaint.

31. On October 4, 2016, Susan Addams, the Regional Chaplain for DPS acting under DPS's authority, also wrote to me in response to my Religious Assistance Fact Sheet. A true and correct copy of that letter is included in Exhibit 5 to the Second Amended Complaint.

32. I filed a second grievance on September 14, 2016 (the "September 2016 Grievance"). This grievance was also denied. I was encouraged to attend non-denominational Christian worship services, and was told that visitors are only allowed to bring car keys and identification when visiting. Attached as Exhibit 7 to the Second Amended Complaint filed in this action is a true and correct copy of my September 2016 Grievance as well as responses I received from DPS.

33. In order to gain clarity on a purported DPS "policy" that diverged with my own personal experience of being able to receive sacramental wine in other North Carolina

correctional institutions, I contacted Bobbie Richardson ("Rep. Richardson"), the Representative for the seventh district of North Carolina in the North Carolina House of Representatives.

34. Rep. Richardson responded by letter dated June 8, 2017. A true and correct copy of that letter is included in Exhibit 6 to the Second Amended Complaint.

35. It is my sincere belief that Defendants' prevention of my ability to receive the Lord's Supper regularly, through weekly visits from Pastor Rappe, and consultation with the Sunday Sermon pamphlet and the Lutheran Hymnal, amounts to a prevention of the practice of my religion and a prevention of my receiving forgiveness of sins—imperiling my soul.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.


Executed on: 12/11/2017                 *James Kelliher* (signature)
           Date                                             James Kelliher

CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed DECLARATION OF JAMES KELLIHER with the Clerk of Court using the Court's CM/ECF system, which serves the registered parties via the CM/ECF system on counsel of record:

>Kimberly D. Grande
>kgrande@ncdoj.gov
>Assistant Attorney General
>N.C. Department of Justice
>P.O. Box 629
>Raleigh, NC 27602
>***Attorney for Defendants***

Dated: December 14, 2017

KING & SPALDING LLP

*/s/ Chelsea Corey*
Chelsea Corey, NCSB No. 48838
100 North Tryon Street, Suite 3900
Charlotte, North Carolina 28202
E-mail: ccorey@kslaw.com
Telephone: (704) 503-2575
Telefax: (704) 503-2622

and

Kevin O'Brien
1180 Peachtree Street, NE
Atlanta, Georgia 30309
E-mail: kobrien@kslaw.com
Telephone: (404) 572-2442
Telefax: (404) 572-5100

*Attorneys for Plaintiff James Kelliher*