IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CT-3250-BO

JAMES R. KELLIHER, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
JOHNNY HAWKINS and GEORGE )
SOLOMON, )
)
    Defendants. )

On September 8, 2017, James R. Kelliher ("Kelliher") a state inmate, filed through counsel an amended complaint under 42 U.S.C. § 1983 alleging violations of his rights under the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. See Am. Compl. [D.E. 19] at 1–2.

On December 14, 2017, Kelliher moved for a preliminary injunction. See Mot. [D.E. 32].

On April 2, 2018, the court, *inter alia*: (1) granted Kelliher a 90-day preliminary injunction; (2) waived the bond requirement for Kelliher; (3) directed defendants to permit Pastor Tod Rappe ("Pastor Rappe") to resume: (a) weekly pastoral visits with Kelliher, (b) administering the Lord's Supper to Kelliher using a wafer and less than one ounce of consecrated wine, and (c) bringing the Lutheran Hymnal and Sunday Sermon pamphlet to these visitations, provided that all of these outside items be subject to security searches; and (4) directed defendants to come into compliance with this preliminary injunction within two weeks of April 2, 2018. See Order [D.E. 49] at 20.

On August 17, 2018, the parties filed a joint motion for a Consent Decree and to partially vacate the preliminary injunction. See Mot. [D.E. 64].

On August 24, 2018, the court: entered the Consent Decree; vacated in part the court's April 2, 2018, order; dismissed the matter; and entered judgment. See Order [D.E. 66]; J. [D.E. 67].

On November 4, 2024, Kelliher filed through counsel the instant emergency motion for a Temporary Restraining Order (TRO) and/or preliminary injunction. Mot. [D.E. 68]. Kelliher states, *inter alia*: "Since the entry of the Consent Decree until recently . . . [his] pastor makes regular visits and has administered the Lord's supper, including sacramental wine"; he has not incurred any disciplinary infractions or transfers to Restrictive Housing; "Suddenly and without warning, on October 30, 2024, Defendants changed course and, in violation of the Consent Decree (and RLUIPA and the Constitution) again began prohibiting [him] from exercising his religion"; and, after he filed a grievance, defendants announced an intention to transfer him "to a new, notoriously unsafe institution as punishment. ***The transfer may occur as soon as tonight*** [sic]." See id. at ¶¶6–8.

Counsel acknowledges this motion is not accompanied by a declaration, but represents that Kelliher told counsel the following: On October 30, 2024, Pastor Rappe was denied entry with the consecrated wine he had brought to administer in connection with the Lord's Supper; Pender C.I. visitation supervisor, Warden Bascom, and Officer Brandon discussed the items Pastor Rappe was permitted to take into the facility and "did not believe that this Court's Consent Decree had been entered"; Kelliher "was denied access to the Lord's Supper"; as a result of this denial, Kelliher filed a prison grievance on November 1, 2024, and, that afternoon, he was informed he would be transferred to Scotland C.I., which has a reputation for gang violence; Kelliher "is genuinely fearful of transfer to Scotland [C.I.] in large part because he has testified on behalf of the government in a murder case" and "is fearful of retaliation" from inmates; Kelliher has been infraction free for many years and believes the transfer order "is a form of retaliation" for filing a grievance. Id. at ¶9.

For relief, Kelliher asks the court to enter a TRO and/or preliminary injunction preventing his transfer and requiring defendants to resume complying with the Consent Decree. Id. at ¶11.

Federal Rule of Civil Procedure 65(b) authorizes courts, in limited circumstances, to issue a TRO without notice to adverse parties or their attorneys, but only if: A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and B) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). These procedural requirements are "stringent restrictions" on *ex parte* temporary restraining orders that "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 438–39 (1974); see Convisser v. Exxon Mobil Corp., No. 3:24-CV-00072, 2024 WL 4230094, at *1 (W.D. Va. Sept. 18, 2024). Kelliher, however, has complied with neither of the procedural requirements of Rule 65(b).

## Conclusion:

Kelliher's request for an *ex parte* TRO is therefore DENIED for failure to comply with the procedural requirements of Rule 65(b). ~~The Court will calendar a hearing, if necessary, on Kelliher's request for preliminary injunction following the filing of defendants' response.~~ TWB

SO ORDERED, this 5 day of November, 2024.

_____
TERRENCE W. BOYLE
United States District Judge

3

Case 5:16-ct-03250-BO    Document 70    Filed 11/05/24    Page 3 of 3